

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN      AUSTIN 11, TEXAS
~~JATTORNEYSGENERAL~~XX
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

This Opinion
Modifies Opinion dated
+/8/36

Dear Sir:

Opinion No. O-3235
Re: Residence qualifica-
tions of persons en-
titled to vote for
county school trustees.

     We are in receipt of your recent request for
our opinion with reference to the residence qualifica-
tions of persons entitled to vote for county school
trustees.

     Article 2676, R. C. S. 1925, as amended, Acts
1934, 43rd Leg., 2nd C.S., Ch. 28, p. 108, provides:

> "The general management and control of
> the public free schools and high schools in
> each county, unless otherwise provided by
> law shall be vested in five (5) county school
> trustees elected from the county, <u>one of whom
> shall be elected from the county at large by
> the qualified voters of the common and con-
> solidated independent school districts of the
> county, and one from each Commissioners' Pre-
> cinct by the qualified voters of each Commis-
> sioners' Precinct</u>, who shall hold office for
> a term of two years. The time for such elec-
> tion shall be the first Saturday in April of
> each year; the order for the election of coun-
> ty school trustees to be made by the county
> judge at least thirty days prior to the date
> of said election, and such order shall desig-
> nate one voting place for each common school
> district. The election officer appointed to
> hold the election for trustees in each common
> school district shall hold the election at
> the same place therein for the county school
> trustees. Each year there shall be elected

alternately two (2) county school trustees
and three (3) county school trustees in each
county. The State Superintendent shall pre-
pare a proper form of the ballot to be used
in such election and such other explanation
of the laws as he deems necessary, and trans-
mit the same to the county judge of each coun-
ty at least sixty days prior to the date of
such election. All vacancies shall be filled
by the remaining trustees. * * *" (Under-
scoring ours)

This article expressly provides that the county
trustee at large shall be elected "by the qualified
voters of the common and consolidated independent school
districts of the county". Our opinion No. 0-2066, a
copy of which has been forwarded to you, supports the
conclusion that this provision is controlling over Sec-
tion 8, of Acts 1927, 40th Leg., 1st C.S., Ch. 84, page
228 (Article 2742a, Section 8, Vernon's Texas Civil
Statutes).

The above quoted statute further provides
that one county trustee shall be elected "from each
Commissioners' Precinct by the qualified voters of each
Commissioners' Precinct", without further limitation.
It was ruled by this department in opinions dated Feb-
ruary 9, 1935, to G. M. Mann, Letter Book 360, page
927, and March 30, 1932, to H. H. Schuemann, Letter
Book 332, page 763, that qualified resident voters in
independent school districts are eligible to vote for
the county school trustees elected from the Commission-
ers' Precincts; the requirement only being that they
be qualified voters of a Commissioners' Precinct. A
similar ruling was made in an opinion dated April 8,
1936, addressed to Honorable Harry J. Schulz, however,
in this opinion it was stated that persons residing
in municipally controlled districts may not vote for
county school trustees for their Commissioners' Pre-
cincts, notwithstanding the opinion recognized that
Article 2676 "specifically authorizes all qualified
voters within the Commissioners' Precinct to vote in
said election." We do not agree with the distinction
made in that opinion between municipally controlled
and other independent school districts, since the stat-
ute makes no such provision.

It is our opinion that only qualified voters
of the common and consolidated independent school dis-
tricts of the county may vote for county school trustee

at large and that all qualified voters of the Commissioners' Precincts of the county may vote for the county school trustee from their respective precincts without reference to whether such voters reside in common or independent school districts of whatsoever nature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack
   Cecil C. Cammack
     Assistant

CCC:LM:LM

APPROVED MAR 31, 1941

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY  BWB
 CHAIRMAN

O.K.
GRL